**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL NARVELLE CHISOM,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ATCHYLEY,<br><br>Respondent. | No. 1:21-cv-1768 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE CASE<br>(Docs. 22, 35)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Michael Narvelle Chisom is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Respondent seeks dismissal of the petition as untimely. (Doc. 22.) On September 26, 2022, the assigned magistrate judge determined Petitioner failed "to comply with 28 U.S.C. § 2244(d)'s one-year limitations period." (Doc. 35 at 13.) In addition, the magistrate judge found "the evidence in issue fails to establish Petitioner's innocence," and rejected Petitioner's assertion that "the untimeliness of the petition should be excused" due to innocence. (*Id.* at 10-12.) Therefore, the magistrate judge recommended the motion be granted and the petition be dismissed with prejudice. (*Id.* at 13.)

1

On October 11, 2022, Petitioner filed objections. (Doc. 38.) Plaintiff maintains his innocence, asserting the Court should not adopt the recommendations "because it would be condeming (sic) an innocent man sentenced to [life without possibility of parole] … to certain death in prison." (*Id.* at 3.) Notably, however, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513, U.S. 298, 324 (1995). As the magistrate judge observed, "Petitioner provides no evidence in support of his claims such as affidavits or documentation from any of the witnesses. This alone is fatal to his claim." (Doc. 35 at 11.) Petitioner again does not meet this burden in the objections, and makes no challenge to the finding that the petition was untimely under 28 U.S.C. § 2244(d). (*See generally* Doc. 38 at 1-3.)

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 26, 2022 (Doc. 35), are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 22) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
4. The remaining deadlines and motions are terminated.
5. The Clerk of Court is directed to enter judgment and close the case.
6. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 7, 2022**

UNITED STATES DISTRICT JUDGE

3